## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No.  08-15 Erie Division** |
| | ) | |
| ADDISON JAMES DIEHL | ) | |

### MEMORANDUM ORDER

Defendant Addison James Diehl has filed a Motion for Early Termination of

Supervised Release.  ECF No. 44.  The government has filed a response opposing the motion.

ECF No. 46.  On October 16, 2008, Mr. Diehl pleaded guilty to one count of receipt and

possession of material depicting minors engaged in sexually explicit conduct in violation of

18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B).  His calculated guideline sentence range was 92

to 115 months' imprisonment.  The sentencing Court varied from the guideline range and

imposed a sentence of 60 months' imprisonment, to be followed by ten years of supervised

release.  Mr. Diehl was released from his term of imprisonment on September 11, 2013.  He

has a little less than three years left on his term of supervised release.

Early termination of a term of supervised release is authorized under 18 U.S.C. §

3583(e).  A court may terminate a term of supervised release and discharge the defendant after

the expiration of one year of supervised release "if it is satisfied that such action is warranted

by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).

"The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a

district court enjoys discretion to consider a wide range of circumstances when determining

whether to grant early termination."  United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020)

(citation omitted).

Section 3583(e) requires the Court to consider the factors set forth in 18 U.S.C. § 3553(a), which are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3583(e)(1) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(a)(2)(D) & (a)(4)-(a)(7)).  "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'"  Melvin, 978 F.3d at 52-53 (quoting United States v. Gammarano, 321 F.3d 311, 315–16 (2d Cir. 2003).

In Melvin, the Third Circuit Court of Appeals clarified that "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)."  Melvin, 978 F.3d at 53.  The Court noted that "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination."  Id. (citing United States v. Murray, 692 F.3d 273, 279 (3d Cir. 2012).  The Court therefore "disavow[ed] any suggestion that new or unforeseen circumstances must be shown."  Melvin, 978 F.3d at 53.  The Court, however, opined "if a

2

sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." Id.

Mr. Diehl argues that early termination of his supervised release is warranted based on the fact that he has successfully complied with the conditions of his supervised release and he has satisfied all financial obligations. He also cites his successful employment record, which includes the opening of his own auto detailing business. He currently has plans to expand this business into Ohio. Lastly, he states that he hopes to obtain his real estate license.

In opposing termination of supervised release, the government points out that Mr. Diehl has not identified a change of circumstances sufficient to warrant early termination of his supervised release. With respect to his career success, the government states that there appears to be no reason why he cannot accomplish his career objectives while completing the remainder of his supervised release term. Finally, the government cites Mr. Diehl's extremely serious offense of conviction and notes that as a result of his conviction Pennsylvania law requires Mr. Diehl to register as a sex offender in Pennsylvania through April 2023. Therefore, the government argues that early termination is not warranted in this case because Mr. Diehl has offered no reason to show that the original term of supervision of ten years is not appropriate in this case.

The United States Probation Officer supervising Mr. Diehl reported to the Court that Mr. Diehl remains enrolled in sex offender treatment and the Probation Office still actively monitors his internet usage to mitigate risk. Based on the nature of the offense, the Probation Office does not support early termination of Mr. Diehl's supervised release.

Mr. Diehl has been compliant with the terms of his supervision, however, the fact of compliance alone is typically not a sufficient reason to warrant the early termination of supervised release in most cases.  There is no evidence that Mr. Diehl's terms of supervision are either too harsh or inappropriately tailored to serve general punishment and rehabilitation goals, or to protect the public.  Mr. Diehl's offense of conviction is serious.  As noted, the sentence court varied from the low end of the guideline range of 92 months, to impose a sentence of 60 months' imprisonment.  The sentencing court also determined that a ten-year term of supervised release was appropriate in Mr. Diehl's case.  The Court concludes that the original term of supervision remains an appropriate term of supervised release.  After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and considering the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that early termination of Mr. Diehl's supervised release is not warranted.

Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this 3rd day of December, 2020, it is hereby ORDERED, that Addison James Diehl's Motion for Early Termination of Supervised Release, ECF No. 44, is DENIED.

Marilyn J. Horan
United States District Court Judge